THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JUSTIN W. DEDGE, PLAINTIFF IN ERROR.

Submitted March 20, 1924—Decided May 26, 1924.

1. Whether the words "The Powers? that be," "these powers" in a published statement at the trial of a criminal libel refer to the attorney-general of the state, is a question for the jury.
2. The trial judge is not required to charge the jury in the identical language of a request.
3. It was not error to permit a witness, a member of the grand jury, to testify that certain statements were not true, as affecting the conduct of the attorney-general, before the grand jury, of which he was a member. This was not opinion evidence.
4. The defendant's intention in publishing a libel is immaterial. He must be taken to have intended the natural consequences of his act, the meaning that his words obviously conveyed.
5. The Criminal Procedure act (2 *Comp. Stat. of N. J., p.* 1846, § 79) provides that foreign juries in criminal cases "shall be returnable to the Circuit Court in which the issue is triable." *Held,* this does not vitiate a trial by a foreign jury in the Oyer and Terminer. This is a matter of procedure, not one of jurisdiction.

---

On error to the Morris County Oyer and Terminer Court.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the plaintiff in error, *Riker & Riker* and *Andrew Van Blarcom.*

For the defendant in error, *Wilfred H. Jayne, Jr.,* assistant attorney-general.

The opinion of the court was delivered by

BLACK, J.   The defendant in this case was convicted of criminal libel.  The victim of the libel was former Attorney-General McCran.  It had its inception in a criticism of his official conduct, as attorney-general, in the prosecution, in Morris county, of Frank Jancarek, for the murder of Janet Lawrence.  The alleged libelous matter was contained in a letter signed by the defendant, J. W. Dedge, and published on the 12th day of December, 1922, in the "Jerseyman," a newspaper published at Morristown, New Jersey.  In the article, Attorney-General McCran is mentioned three times by name, in two places the state, by way of *innuendo,* declares that by use of the words "The Powers? that be" "these Powers" in the letter, Attorney-General McCran was meant.

The case is brought under review by a writ of error, under which there are thirty-one assignments of error; also, under the one hundred and thirty-sixth section of the Criminal Procedure act, under which thirty-five causes for relief or reversal are specified.  What Mr. Justice Brown, of the Supreme Court of the United States is quoted as saying, in the case of *New Jersey Zinc Co.* v. *Lehigh Zinc Co.,* 59 *N. J. L.* 190, is pertinent in this connection, that there is always a possibility that, in the very abundance of alleged errors, a substantial one may be lost sight of.  That such may not be so in this case, we proceed to examine *seriatim* the points argued by the defendant.

The first is, that when the state rested its main case, there was no proof whatever of the *innuendo,* that Attorney-General McCran was the individual intended, as one of "The Powers? that be" "These powers."  A complete and satisfactory answer to this is, that in point of fact, it is not so.  The trial judge charged the jury:  "You must be satisfied beyond a

reasonable doubt that the defendant referred to Thomas F. McCran in such cases where Mr. McCran's name was not mentioned," &c. On the proofs, this was a question for the jury. What meaning is to be attributed to words alleged to be libelous is to be settled by a jury. *State* v. *Schmitt,* 49 *N. J. L.* 585; *Benton* v. *State,* 59 *Id.* 557; *Merrey* v. *Guardian Printing, &c., Co.,* 81 *Id.* 632; 17 *R. C. L.* 407, § 164; 25 *Cyc.* 587 (111).

It is urged, next, that it was error for the trial judge to refuse to charge this request: "If you find that the evidence is susceptible to two constructions, one of guilt and the other of innocence, you must adopt the construction favorable to the defendant and acquit him." Without subjecting this request to criticism, it is sufficient to say, that the trial judge fully and accurately charged the jury upon the presumption of innocence and the rule requiring proof of guilt beyond a reasonable doubt. This was sufficient. The trial judge is not bound to charge the jury in the identical language of a request. *Gardner* v. *State,* 55 *N. J. L.* 25; *McLaughlin* v. *Damboldt, post p.* 127.

The next point argued relates to an exception to the admission of the testimony of Attorney-General McCran in rebuttal. This testimony referred somewhat in detail to his actions and what prompted them. This testimony was admitted for the purpose of showing the falsity of the statements contained in the published letter, in so far as they applied to his actions and conduct. No case is cited in support of the defendant's contention. The testimony was clearly competent. It was properly admitted in evidence.

It is next urged that there was error in refusing to charge certain specific requests in the charge. These refer to malice, reasonable doubt, &c. There is no legal merit in this point. It requires no discussion. The points were fully covered by the charge, so far as it was proper to charge.

It is next urged that there was error in the charge, in which it is stated a civil action and a criminal action will both lie for libel. The criticism is without the semblance of merit.

The same may be said of the next point, which refers to what the trial judge said about "the state is tender of the reputation of a public officer," such as in the case of the office of the attorney-general.

It is next urged that there was error in the charge, in that it took from the jury any consideration of the case that the communication was privileged. The first part of the charge criticised is taken from the constitution of the state (1 *Comp. Stat. of N. J., p. 35, art.* 1, § 5) ; the second part is an excerpt from what this court said in the case of *Schwarz Bros. Co.* v. *Evening News Publishing Co.,* 84 *N. J. L.* 486; see *Benton* v. *State,* 59 *Id.* 559; *Lawless* v. *Muller,* 99 *Id.* 9.

So, it is urged, that it was error to permit a witness, Irving Buchanan, a member of the grand jury at the May term, 1922, of the Morris county courts, to answer a question whether a certain statement taken from the written charge was true or false. The answer was, "I consider it was not true." We fail to see the force of the objection urged against this question being answered. The attorney-general's conduct was under investigation. The witness had an opportunity as a member of the grand jury to observe the truth or falsity of the statements contained in the question, one of which among others was, "Why did McCran insist upon presenting the evidence against Kluxen to the grand jury?" &c. This was not opinion evidence. The witness being so circumstanced, as to have actual knowledge of the facts involved, he knew whether the statements made by the defendant, Dedge, and contained in the question were in fact true or false. The objection to the question was properly overruled.

It is next urged that it was error to overrule an objection to a question put to the defendant involving his intention in writing and publishing the article incriminating the attorney-general. This, manifestly, was not error. The defendant must be taken to have intended the natural consequences of his act. His intention in writing and publishing the article is immaterial. The question is what he did. He must be held to have intended the meaning that his words

obviously conveyed.   25 *Cyc.* 582; 17 *R. C. L.* 411, § 168; *Hay* v. *Reid,* 85 *Mich.* 296.

The next and last point urged is that the defendant was illegally tried before a foreign jury, in that the statute, Criminal Procedure act (2 *Comp. Stat. of N. J., p.* 1846, §§ 78, 79), provides, that the foreign jury "shall be returnable to the Circuit Court in which the issue is triable."   This cause was not triable or tried in a Circuit Court but before the Morris Oyer and Terminer.   A challenge to the array was made and then withdrawn; no exception was taken or entered.   The defendant submitted himself to a trial by the jury so drawn. The point is made, that as the trial court was without jurisdiction to try the defendant before a foreign jury not returned to the Circuit by the terms of the statute, it can be raised at any time, citing in support of that position the cases of *State* v. *Shupe,* 88 *N. J. L.* 610; *McMichael* v. *Horay,* 90 *Id.* 145; *Kennedy* v. *Coon,* 91 *Id.* 100; *State* v. *Verona,* 93 *Id.* 389; *State* v. *Belkota,* 95 *Id.* 417.   Manifestly, the complete answer to this point is, that this is a mere detail of procedure and not one of jurisdiction at all.   While it is true that section 79 of the Criminal Procedure act, relating to the trial of criminal cases by foreign juries, provides that the venire "shall be returnable to the Circuit Court in which the issue is triable;" the word "Circuit" is obviously a mistake or misprint.   The record shows the order for a foreign jury was made by the Supreme Court for the trial in the Morris County Oyer and Terminer; the jury to have been returned by the sheriff to that court.   A statute should not be given an unreasonable, ridiculous or absurd construction. 36 *Cyc.* 1107, § 2.   This is not in violation of the rule stated in *Douglass* v. *Chosen Freeholders,* 38 *N. J. L.* 216.

It is quite unnecessary to pursue this subject further.   No other points will be considered, as they have not been argued. Finding no error in the record, the judgment of the Morris County Oyer and Terminer is affirmed.